## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION



| | |
|---|---|
| John Wells, | § |
| | § |
| | § |
| Plaintiff, | § |
| | § |
| v. | § Case No. |
| | § |
| WebBank Corporation, d/b/a | § |
| Fingerhut Credit; | § |
| Equifax Information Services, LLC; and | § |
| Experian Information Solutions, Inc., | § |
| | § |
| Defendants. | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff, John Wells ("Plaintiff"), by and through counsel undersigned, and for his cause of action against the Defendants above-named alleges as follows:

### <u>INTRODUCTION</u>

1.      This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, et seq.

### <u>PARTIES</u>

2.      Plaintiff is a resident of the County of Travis, Texas.

3.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681(a)(c).

4.      Defendant, WebBank Corporation is a Utah corporation a financial institution and a furnisher of consumer credit information to consumer reporting

agencies.

5.      Defendant Equifax Information Services, LLC is a limited liability company operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

6.      Defendant Experian Information Solutions, Inc. is a corporation operating under the laws of the State of Texas that engages in the business of maintaining and reporting consumer credit information.

7.      Defendants Equifax and Experian are each a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

## JURISDICTION AND VENUE

8.      That the Court has jurisdiction over this action pursuant to 15 U.S.C. §1681p, the Fair Credit Reporting Act ("FCRA") and 28 U.S.C. §1331.

9.      Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.      Plaintiff held a credit card account with WebBank ("the Account").

11.      Plaintiff has maintained the Account since October of 2014, never paying late, and rarely carrying a balance.

12.      In spite of the stellar payment history, and the fact that Plaintiff never required assistance with the Account, WebBank began reporting that the Account had been affected by a natural or declared disaster.

13.      WebBank furnished this information to Equifax, Experian, and TransUnion, the nation's three largest consumer reporting agencies.

14.     Experian not only reported that the Account had been affected by a natural or declared disaster, but also reported an inaccurate social security number for Plaintiff on his Experian report.

15.     The false information regarding the Account, and the incorrect social security number, appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

16.     Equifax and Experian published the false information regarding the Account to third parties.

## WRITTEN DISPUTE

17.     On or about September 17, 2020 Plaintiff sent written dispute letters to Equifax and Experian disputing the inaccurate information regarding the Account and his social security number reporting on Plaintiff's consumer report (the "Dispute").

18.     Defendants Equifax and Experian forwarded Plaintiff's Dispute to Defendant WebBank for reinvestigation.

19.     WebBank received notification of Plaintiff's Dispute from Experian, Equifax, and TransUnion.

20.     WebBank failed to adequately instruct the credit reporting agencies to delete the inaccurate information reporting on Plaintiff's consumer reports.

21.     Defendants Equifax and Experian each failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

22.     Equifax and Experian each employed an investigation process that was not

reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute.

23.     Equifax and Experian each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

24.     At no point after receiving the Dispute did Equifax or Experian communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute.

### COUNT I – WebBank

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b))

25.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

26.     After receiving the Dispute, WebBank failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

27.     Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute of Defendant WebBank's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant WebBank's representations to consumer credit reporting agencies, among other unlawful conduct.

28.     As a result of this conduct, action, and inaction of Defendant WebBank, Plaintiff suffered damages, and continues to suffer, actual damages, including economic

loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

29.     Defendant WebBank's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

30.     In the alternative, Defendant WebBank was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

31.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant WebBank pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## COUNT II – Equifax

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

32.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

33.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

34.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

35.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

36.     Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

37.     In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

38.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

<u>COUNT III – Equifax</u>

<u>(Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)</u>

39.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

40.     After receiving the Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

41.     Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

42.     As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by

the trier of fact.

43.     Defendant Equifax conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

44.     In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

45.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681e(b))

46.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

47.     After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

48.     Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained concerning Plaintiff.

49.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

50.     Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

51.     In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

52.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. §1681i)

53.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

54.     After receiving the Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

55.     Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

56.     As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

57.     Defendant Experian conduct, action, and inaction were willful, rendering

Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

58.       In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

59.       Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks his remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

5. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated:    January 18, 2021

MCCARTHY LAW, PLC

_/s/ Joseph Panvini_
Joseph Panvini
 MCCARTHY LAW, PLC
4250 North Drinkwater Blvd, Suite 320
Scottsdale, AZ  85251
Telephone: (602) 456-8900
Fax: (602) 218-4447
Attorney for Plaintiff